IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHARLES FREDRICK ROBERTS III,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF DALLAS,<br><br>Defendant. | Case No. 24-cv-00305-DKW-WRP<br><br>**ORDER (1) GRANTING LEAVE TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT[1]** |

On July 22, 2024, Plaintiff Charles Roberts, proceeding *pro se*, filed a complaint against the City of Dallas, asserting a claim under 42 U.S.C. § 1983 based on Dallas Behavioral Health's alleged violations of 18 U.S.C. § 1583, Title II of the American Disability Act of 1990, and Roberts' "sexual rights" including his rights to marriage and intimate association.  Dkt. No. 1.  That same day, Roberts also filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2.

---

[1] Pursuant to Local Rule 7.1(d), the Court elects to decide these matters without a hearing.

I.  **IFP Application**

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit demonstrating the inability to pay.  Though Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he must nevertheless "allege poverty with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted).  The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, Roberts has satisfied the requirements of Section 1915(a).  In his IFP Application, Roberts states that he receives no income, pay, or wages from any source.[2]  Dkt. No. 2 at 1.  In addition, he has no money in cash or in a checking or savings account and owns no assets or items of value. *Id.* at 2.  Finally, although Roberts has no dependents, debts, or financial obligations, his regular monthly expenses include approximately $70 for his phone bill and $100 for his Holo Card

---

[2] Perhaps obviously, this income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2024 Guidelines for Hawaiʻi. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.

(bus pass). *Id.* Accordingly, in light of these figures, the Court finds that Roberts lacks sufficient income or assets to pay the filing fee while still affording the necessities of life. *See Escobedo*, 787 F.3d at 1234–36. His IFP Application, Dkt. No. 2, is therefore GRANTED.

**II.     Screening**

When a plaintiff files an action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the Court subjects it to mandatory screening and may order the dismissal of any claim it determines "is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Though the Court must liberally construe a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court cannot act as counsel for a *pro se* litigant, including by providing the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted).

In addition, "federal district courts may only preside over cases for which venue lies." *Ruhe v. Krall*, 2023 WL 3098330, at *3 (D. Haw. Apr. 26, 2023). Generally, venue for civil claims is governed by Title 28 of the United States

Code, Section 1391, which provides that an action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a case is brought in the wrong district, the Court must dismiss the case or, if it is in the interest of justice, transfer the case to a proper district. 28 U.S.C. § 1406(a). In considering whether to dismiss or transfer, the Court may examine several factors including: the merits of the plaintiff's case, the applicable statute of limitations, judicial economy, the likelihood of the action being re-filed, and the relative injustice that dismissal may impose on both the plaintiff and the defendant. *See Ruhe*, 2023 WL 3098330, at *4 (citations omitted); *see also Daniels v. Nationwide Gen. Ins. Co.*, 2022 WL 3228144, at *2–3 (D. Haw. Aug. 10, 2022) (explaining that this decision is within the court's discretion).

Here, review of Roberts' Complaint reveals that the District of Hawai'i is not the appropriate venue for his claims. First and perhaps most obviously, the sole defendant—the City of Dallas—can only reasonably be said to reside in

Texas, not Hawaiʻi.  *See* 28 U.S.C. § 1391(b)(1).  Second, notwithstanding Roberts' conclusory assertions that he has suffered "from the day that [he] entered Hawaii's jurisdiction" from "acts within the state, in which these violations through extensive contact occured [sic]," his claims appear to arise from "the conditions of [his] confinement at the Dallas Behavioral Health stemming from the order of protective custody NO 20-51015 MI in the Dallas Probate Court, Dallas Texas which occured [sic] June 25th 2020 where [he] was declaired [sic] mentally ill."  *See* Dkt. No. 1 at 4–6; *see also* 28 U.S.C. § 1391(b)(2).  Indeed, Roberts' Complaint identifies only "Dallas Behavioral Health" as the location of the events giving rise to his claims.  *See* Dkt. No. 1 at 4.  And third, even if this Court has personal jurisdiction over the City of Dallas,[3] venue would still be unavailing as there is another district in which this case could have been brought—the United States District Court for the Northern District of Texas.[4]  *See* 28 U.S.C. § 1391(b)(3); *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*,

---

[3] Roberts alleges no facts that would give rise to this Court's exercise of personal jurisdiction over the City of Dallas.  *See generally* Dkt. No. 1.  Certainly, Roberts' claims do not arise out of any contacts that the city may have with Hawaiʻi.  *See Walden v. Fiore*, 571 U.S. 277, 283–86 (2014).  Moreover, as already discussed above, the City of Dallas is clearly not a Hawaiʻi resident or domiciliary, and there is no indication that its "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation marks and citation omitted).

[4] The Court takes judicial notice of the fact that the Northern District of Texas encompasses the City of Dallas.  *See Dallas Division*, U.S. DIST. CT. FOR N. DIST. OF TEXAS, https://www.txnd.uscourts.gov/location/dallas (last visited July 25, 2024).

571 U.S. 49, 56–57 (2013) (explaining that Section 1391(b)(3) is a "fallback option" which applies only "[i]f no other venue is proper").

As such, Roberts has failed to establish that venue is proper in the District of Hawaiʻi.  Moreover, upon consideration of the relevant factors, the Court elects to dismiss this case rather than transfer it to the Northern District of Texas.  *See* 28 U.S.C. § 1406(a).  Notably, the merit of Roberts' claims is far from clear.  Although Roberts asserts that "the conditions of [his] confinement at the Dallas Behavioral Health" violated "18 US Code 1583," his "sexual rights" including his "'right to intimate association' with [his] fiancé" and the "fundamental right to marriage," and "42 U.S.C. 1983 and Title II of the American Disability Act of 1990," he fails to allege *any* meaningful factual details in support of these claims.  *See* Dkt. No. 1 at 4–5.  In addition, it is not apparent, particularly as an IFP-qualified litigant, whether Roberts has the ability or desire to proceed with this case in a district thousands of miles from home.  *See* Dkt. No. 1 at 2 (listing a Hawaiʻi address); Dkt. No. 2 (applying for IFP status).  As such, dismissing this case permits Roberts to choose—should he wish to no longer proceed with this case, no further action is required; on the other hand, should he wish to re-file and pursue this case in the Northern District of Texas, the Court's decision to dismiss without prejudice permits him to do just that.

## CONCLUSION

For the reasons stated herein, Roberts' IFP Application, Dkt. No. 2, is GRANTED and his Complaint, Dkt. No. 1, is DISMISSED WITHOUT PREJUDICE for improper venue.

The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: July 26, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

Charles Fredrick Roberts III v. City of Dallas; Civil No. 24-00305 DKW-WRP; **ORDER (1) GRANTING LEAVE TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT**