IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHARLES FREDRICK ROBERTS III,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF DALLAS,<br><br>Defendant. | Case No. 24-cv-00305-DKW-WRP<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**[1] |

On July 26, 2024, the Court dismissed this case without prejudice for improper venue. Dkt. No. 4. Fifty-two days later, on September 16, 2024, Plaintiff Charles Roberts filed a motion for reconsideration (Dkt. No. 6), which the Court liberally construes under Federal Rule of Civil Procedure 60(b).[2] *See* LR 60.1; *Sierra Club, Haw. Chapter v. City & Cnty. of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007).

Pursuant to Rule 60(b), the Court may grant relief from a final judgment or order upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an

---

[1] Pursuant to Local Rule 7.1(d), the Court finds this matter suitable for disposition without a hearing.

[2] When a motion for reconsideration is filed more than 28 days after the entry of judgment, the Court considers it pursuant to Federal Rule of Civil Procedure 60(b). *See McAllister v. Pepper*, 2020 WL 13574305, at *1 (D. Haw. Feb. 13, 2020); Fed. R. Civ. P. 59(e) & 60(b).

opposing party; (4) voiding of the judgment; (5) satisfaction, release, or discharge of the judgment; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Although such motions are generally disfavored, *see* LR 60.1, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Here, the motion for reconsideration does not identify the specific ground on which it is brought.[3] Nevertheless, liberally construed, Roberts appears to claim that the Court made a mistake in dismissing his case for improper venue when "[t]he Federal Kidnaping [sic] Act would not allow for case No. 24-CV-00305-DKW-WRP to be dismissed . . . as the violations stated [i]n the complaint in this case placed in by me are still ongoing."[4] Dkt. No. 6 at 1. The Federal Kidnapping Act, however, is a criminal statute which provides for nothing of the sort. *See generally* 18 U.S.C. § 1201. Among other things, criminal cases, just like civil

---

[3] Roberts notes that he "do[es] not [] knowledgably have a safe way to see how to follow any federal rules that attach to this [motion] or knowledge of what to title this motion at this time." Dkt. No. 1 at 1. Because he is *pro se*, however, the Court will liberally construe his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[4] In addition, although somewhat unclear, to the extent that Roberts believes that his case was dismissed under Federal Rule of Civil Procedure 16(f) and Local Rule 11.1 for failure to follow court procedures, he is incorrect. *See* Dkt. No. 6 at 1. This case was dismissed pursuant to the Court's mandate to screen cases brought *in forma pauperis* and dismiss those for which venue does not lie. *See* Dkt. No. 4 at 3–6; 28 U.S.C. § 1915(e); *Ruhe v. Krall*, 2023 WL 3098330, at *3 (D. Haw. Apr. 26, 2023).

ones, may be dismissed for improper venue.  Moreover and more importantly, Roberts' arguments do not address the fundamental *venue* issues in this case—namely, that the City of Dallas is not resident in Hawaiʻi, that the underlying events principally occurred outside of this District, and that there is an alternate venue in which this case could have been properly brought.[5]  *See* 28 U.S.C. § 1391(b); Dkt. No. 4 at 3–6; Dkt. No. 1 at 2, 4–6.  As such, because Roberts has not identified any mistake in the Court's venue analysis, the motion for reconsideration, Dkt. No. 6, is DENIED.

    IT IS SO ORDERED.

    DATED: October 21, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

Charles Fredrick Roberts III vs. City of Dallas; Civ. No. 24-00305 DKW-WRP; **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

[5]Indeed, as the Court explained to Roberts, the dismissal of his case without prejudice permits him to refile and pursue his claims in the proper federal venue—the United States District Court for the Northern District of Texas—should he so choose.  *See* Dkt. No. 4 at 6.